UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

v.                                                    1:05-CR-23 (NAM)

DAIR AVLEZ MELENDEZ
_____

APPEARANCES:                                          OF COUNSEL:

Gerstenzang, O'Hern Hickey & Gerstenzang              Thomas J. O'Hern, Esq.
210 Great Oaks Boulevard
Albany, New York 12203

Glenn T. Suddaby                                      Thomas Spina, Jr., Esq.,
United States Attorney                                Assistant United States Attorney
United States Attorneys Office
James T. Foley U.S. Courthouse
445 Broadway
Albany, New York 12207

Hon. Norman A. Mordue, D.J.:

**MEMORANDUM-DECISION AND ORDER**

**I.      INTRODUCTION**

Presently before the Court is defendant Dair Melendez's motion to dismiss the Indictment with prejudice based on the government's violation of the Speedy Trial Act, 18 U.S.C. § 3161(b) and 18 U.S.C. § 3162(a)(1). The government opposes defendant's motion.

**II.     BACKGROUND**

According to the government, sometime in 1993, defendant began leasing an apartment in Ellenville, New York. At the time, defendant applied for and received subsidized housing payments from the United States Department of Housing and Urban Development ("HUD")

based on her income and assets. Every year, defendant submitted various forms to HUD containing her employment and asset information so that HUD could determine whether defendant continued to qualify for housing payments.

In April 1997, defendant began working full time for the New York State Office of Children and Family Services, and continued to work there until May 30, 2003, when she was charged with a crime. During this time period, defendant earned approximately $30,000 to $40,000 per year, but submitted forms to HUD indicating that she was not employed, had only a minimal amount of income, and had no assets.

Additionally, defendant submitted three "Affidavits of Nonemployment" to HUD in which she stated that she was not employed and had not been employed since 1998. The government also asserts that defendant failed to list her automobile as an asset and submitted a false document which represented that another individual was paying for the automobile.

The government contends that based on her actual income between 1997 and 2003, defendant received $34,308 in housing payments to which she was not entitled.

### III.   PROCEDURAL HISTORY

On May 19, 2003, the government filed a complaint charging defendant with violating 18 U.S.C. § 1001(a)(3). Defendant was arrested and initially appeared before United States Magistrate Judge Randolph F. Treece on May 30, 2003. Magistrate Judge Treece released defendant without supervision.

Beginning on July 7, 2003, the parties signed, and the Court executed, a series of Stipulations/Orders extending the government's time to indict. The final Stipulation/Order extending the time to indict expired on February 22, 2004.

On December 27, 2004, after a total of 309 non-excluded days had passed, defendant filed a motion to dismiss the complaint with prejudice. On December 30, 2004, the government filed an application seeking an Order from Magistrate Judge Treece dismissing the complaint with prejudice. Magistrate Judge Treece issued the Order that same day and dismissed the complaint with prejudice.

On January 12, 2005, a grand jury returned a four count indictment against defendant charging her with violations of 18 U.S.C. §§ 287 and 1010. Defendant moves to dismiss the indictment with prejudice on the grounds that the complaint, which alleges the same facts on which the indictment is based, was dismissed with prejudice and that the indictment violates the Speedy Trial Act, 18 U.S.C. § 3161(b), having been filed in excess of the thirty-day time limit within which to bring an indictment following a complaint. The government contends that since the charges in the indictment are different from the crime alleged in the complaint, they do not violate the Speedy Trial Act.

IV.     DISCUSSION

   A.     **Speedy Trial Act**

The Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq.*, "provides for dismissal of charges against a defendant who is not indicted, arraigned, or brought to trial within periods of time set forth in the statute." *United States v. Gaskin*, 364 F.3d 438, 451 (2d Cir. 2004). "'The administration of justice depends heavily upon the prompt processing of criminal proceedings,' both to safeguard the rights of the accused and to promote public respect for and confidence in the law." *Id.* at 450-51 (quoting *United States v. Hillegas*, 578 F.2d 453, 456 (2d Cir. 1978)).

Section 3161(b), provides that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges."  If § 3161(b) is violated, and an indictment is not filed within the thirty days of the filing of the complaint, "such charge against that individual contained in such complaint shall be dismissed or otherwise dropped."  18 U.S.C. § 3162(a)(1).  Whether the dismissal is "with or without prejudice" depends on "the seriousness of the offense, the circumstances leading to the dismissal, the impact of reprosecution on the Speedy Trial Act and the administration of justice, as well as whether the defendant sustained any prejudice."  *Gaskin*, 364 F.3d at 451 (citing *United States v. Taylor*, 487 U.S. 326, 332-34 (1988) (internal citation omitted)).

Sections 3161(b) and 3162(a)(1) apply to pre-indictment delay "in pursuing only the specific charges alleged in a pending complaint.  As to charges not so specified, a defendant's protections against pre-indictment delay are those provided by the applicable statutes of limitations and the speedy trial safeguards of the Due Process Clause."  *Id*. at 452.

As an initial matter, no complaint is pending.  The government expressly sought, and Magistrate Judge Treece ordered, that the criminal complaint, which charged defendant with violating 18 U.S.C. § 1001(a)(3), be dismissed with prejudice pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure.[1]  Thus, regardless of whether the Speedy Trial Act was violated, the government has no right to reindict defendant for the same offense.  *See United States v. Ortega-Alvarez*, 506 F.2d 455, 458 (2d Cir. 1974) ("The rule is that when a [complaint] is dismissed before trial upon the government's motion under Rule 48(a) of the

---

[1] Rule 48(a) states, "[t]he government may, with leave of court, dismiss an indictment, information, or complaint. The government may not dismiss the prosecution during trial without the defendant's consent."

Federal Rules of Criminal Procedure, the dismissal is without prejudice to the government's right to reindict for the same offense, unless the contrary is expressly stated."). Indeed, the government does not dispute that its violation of the Speedy Trial Act and dismissal of the criminal complaint with prejudice prohibit it from indicting defendant on charges of violating 18 U.S.C. § 1001(a)(3). Rather, the government contends that because instant indictment, though based on the same conduct pled in the complaint, charges defendant with violating 18 U.S.C. §§ 287 and 1010, not 18 U.S.C. § 1001(a)(3), it does not violate the Speedy Trial Act.

The difference between the charge in the complaint and the charges in the indictment is important because the Speedy Trial Act requires dismissal only of "such charge against the individual contained in such complaint." 18 U.S.C. § 3162(a)(1). Thus, even though the charges in the complaint and indictment involve identical facts, unless the charges in the indictment are those that were pled in the complaint, "the dismissal sanction of § 3162(a)(1) has no applicability." *Gaskin*, 364 F.3d at 453. Accordingly, the Court must determine whether the charges pleaded in the indictment are those the government specifically pled in the complaint.

"[W]hen a complaint charge and an indictment charge involve overlapping or even identical facts, dismissal is not warranted under § 3162(a)(1) if the indictment charge requires proof of elements distinct from or in addition to those necessary to prove the crimes pleaded in the complaint." *Gaskin*, 364 F.3d at 453. The Second Circuit has instructed that "charges that are distinct under double jeopardy analysis will always be distinct for purposes of § 3162(a)(1)." *Id*; *see also Blockburger v. United States*, 284 U.S. 299, 304 (1932) (calling for a comparison of successive charges in double jeopardy analysis to determine whether "each . . . requires proof of an additional fact which the other does not.").

In this case, the complaint charged that defendant:

in a matter within the jurisdiction of the United States Department of Housing and Urban Development, within the executive branch of the Government of the United States, did knowingly and willfully make false, fraudulent and fictitious material statements and representations, to wit, in annual benefit eligibility forms, she stated in writing that she was not employed, when, as she then well knew, she was employed as Youth Division Aide-3 by the Office of Children and Family Services, 629 North Chodikee Road, Highland, New York . . . in violation of 18 U.S.C. 1001(a)(3).

Section 1001(a)(3) states:

(a) Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully-- (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry . . . shall be fined under this title, imprisoned not more than 5 years.

18 U.S.C. § 1001(a)(3).

Defendant claims that the government has "gilded the indictment" by charging her with violating §§ 287 and 1010, in an attempt to circumvent the dismissal of the complaint with prejudice, and that the Speedy Trial Act therefore requires dismissal of the indictment with prejudice. The government opposes defendant's motion and asserts that the charges in the indictment are different from the charge contained in the complaint because they contain additional and/or distinct elements, and therefore do not violate the Speedy Trial Act or require dismissal. Accordingly, the Court must compare the charge alleged in the complaint, a violation of § 1001(a)(3), and the charges alleged in the indictment, violations of §§ 287 and 1010.

**C.    18 U.S.C. § 287**

Section 287 provides:

> Whoever makes or presents to any person or officer in the civil, military, or naval service of the United States, or to any department or agency thereof, any claim upon or against the United States, or any department or agency thereof, knowing such claim to be false, fictitious, or fraudulent, shall be imprisoned not more than five years and shall be subject to a fine in the amount provided in this title.

18 U.S.C. § 287.

As noted, the government initially charged defendant in the criminal complaint with violating 18 U.S.C § 1001(a)(3), which prohibits making false *statements* to the government. Defendant asserts that § 287, as charged in the indictment, which prohibits making false *claims* against the government, is no different than § 1001, and must be dismissed. "[D]ismissal is not warranted under § 3162(a)(1) if the indictment charge requires proof of elements distinct from or in addition to those necessary to prove the crimes pleaded in the complaint. Under such circumstances, the charge in the indictment is simply not 'such charge' as was pleaded in 'such complaint.'" *Gaskin*, 364 F.3d at 453 (quoting *United States v. Napolitano*, 761 F.2d at 137; § 3162(a)(1) (additional quotation marks omitted)).

Section 287 requires proof of at least one element distinct from those necessary to prove a violation of § 1001, namely, proof of a false *claim* against the government. *See United States v. Allen*, 13 F.3d 105, 108 (4th Cir. 1993) (finding that punishing the defendant for violating § 287 for making a false claim and § 1001 for making a false statement, even though based on the same conduct, did not violate double jeopardy; "[s]ection 287 requires proof that a false *claim* was made against the government, a fact that section 1001 does not require because not every false statement to government officials comprises a claim against the government for money or services. Similarly, section 1001 requires proof of a false *statement*, a fact that section 287 does

7

not require, because a false claim against the government can be made without making a false statement - - such as by endorsing and cashing a check to which one is not entitled."(emphasis in original, citations omitted)).  Thus, the Court concludes, § 287 is not "such charge" as was pleaded in the criminal complaint.  Accordingly, the Speedy Trial Act is inapplicable.

### D. Gilding Doctrine

Defendant argues that § 287 is nevertheless is subject to dismissal under the notion that the Speedy Trial Act "'may' require the dismissal of 'an indictment which merely gilds an earlier charge.'"  *Gaskin*, 364 F.3d at 455-56 (quoting *Napolitano*, 761 F.2d at 138), *see United States v. Oliver*, 683 F.Supp. 35, 38 (E.D.N.Y. 1988) (dictionary definition of "gilding" is "unnecessary ornamentation").  The Second Circuit, however, recently noted that "[t]he existence and contours of a gilding doctrine to expand the scope of § 3162(a)(1) beyond the express charges specifically pleaded in the complaint has generally been viewed with skepticism."  *Id*. at 456.  Moreover, since "charges that are distinct under double jeopardy analysis will always be distinct for purposes of § 3162(a)(1)", *Gaskin*, 364 F.3d at 453, there are no grounds upon which to find the government "gilded" the original charge in the complaint, § 1001(a)(3), when it charged defendant with violating § 287 in the indictment.  For this reason, and in light of the skepticism with which the gilding doctrine is viewed to the extent it attempts to expand the scope of § 3162(a)(1) "beyond the express charges specifically pleaded in a complaint", *Gaskin*, *supra*, the Court declines to find the government has merely "gilded" the charge in the complaint.  Accordingly, defendant's motion to dismiss Count 1 pursuant to § 3162(a)(1), is denied.

**E.     18 U.S.C. § 1010**

Counts 2, 3, and 4 of the indictment charge defendant with violating 18 U.S.C. § 1010. Section 1010 provides:

> Whoever, for the purpose of obtaining any loan or advance of credit from any person, partnership, association, or corporation with the intent that such loan or advance of credit shall be offered to or accepted by the Department of Housing and Urban Development for insurance, or for the purpose of obtaining any extension or renewal of any loan, advance of credit, or mortgage insured by such Department, or the acceptance, release, or substitution of any security on such a loan, advance of credit, or for the purpose of influencing in any way the action of such Department, makes, passes, utters, or publishes any statement, knowing the same to be false, or alters, forges, or counterfeits any instrument, paper, or document, or utters, publishes, or passes as true any instrument, paper, or document, knowing it to have been altered, forged, or counterfeited, or willfully overvalues any security, asset, or income, shall be fined under this title or imprisoned not more than two years, or both.

18 U.S.C. § 1010.

Section 1001 outlaws false statements to the government, while § 1010 outlaws false statements in a "particular context[]", *United States v. Beacon Brass Co., Inc.*, 344 U.S. 43, 46 (1952), and specifically governs "Department of Housing and Urban Development and Federal Housing Administration transactions", § 1010.  In this case, the government alleged in the complaint that defendant violated 1001(a)(3), which prohibits the knowing and willful making or using of a false writing or document, knowing that it contains a materially false statement or entry in a matter within the jurisdiction of any branch of the Government of the United States. In the indictment, the government has charged defendant with making a verbal or written false or fraudulent statement HUD for the purpose of obtaining subsidized rent, in violation of § 1010.

The government contends that § 1010 requires proof of additional and different elements than those required to establish a violation of § 1001(a)(3). Specifically, the government argues that under § 1010, unlike § 1001(a)(3), it must prove that the fraud was directed at HUD, that the false statement was "for the purpose of influencing" HUD, and that a document, writing, or verbal statement was involved. These elements, while more specific than those required to establish a violation under § 1001(a)(3), are encompassed within the elements of § 1001(a)(3), and are therefore subject to dismissal under the Speedy Trial Act. For instance, proof that defendant directed the fraud at HUD is an element of a § 1001(a)(3) false statement because it implicates a department or agency of the United States. Use of the false statement "for the purpose of influencing HUD" would satisfy the materiality element of a § 1001(a)(3) false statement, and therefore is not an additional or distinct element. Further, such statement will always constitute a "materially false . . . statement" "within the jurisdiction of the executive branch . . . of the government of the United States". § 1001(a)(3). Finally, while § 1001(a)(3) limits the proof to a false writing or document, § 1010's inclusion of verbal statements does not require proof of an additional or distinct element, because a false statement under § 1010 may also be a false writing or document. Thus, the elements of § 1001(a)(3) subsume the elements of § 1010. Accordingly, the *Blockburger* test is not satisfied. *See United States v. Ben Zvi*, 168 F.3d 49, 57 (2d Cir. 1999) ("*Blockburger* is not satisfied where the elements of one charged offense are subsumed within another charged offense."); *see also United States v. Avelino*, 967 F.2d 815 (2d Cir. 1992) (finding under the *Blockburger* analysis, it violated the Double Jeopardy Clause to convict and sentence the defendant under 18 U.S.C. §§ 542 and 1001 because "every element needed to prove a crime under Section 1001 is an element of a Section

542 offense", explaining "(1) the knowing element of a Section 1001 false statement will always be encompassed by the lack of a reasonable cause to believe element of Section 542; (2) Section 1001's materiality requirement is redundant because false statements under Section 542 are necessarily material because the importation must be "by means of [the] false statement"; (3) importation of merchandise implicates Customs, a department or agency of the United States."); *United States v. Seda*, 978 F.2d 779, 782 (2d Cir. 1992) (finding that convictions of bank fraud and filing false loan applications were multiplicitous and did not satisfy *Blockburger* because the filing of false loan applications was "simply a species of bank fraud."); *United States v. Butler*, 351 F.Supp.2d 121, 128 (S.D.N.Y. 2004) (stating that – assuming grand jury testimony is covered by § 1001 – "[w]hile a false statement that violates § 1001 will not always be a violation of [18 U.S.C.] § 1623, because the latter only applies to sworn testimony, a violation of § 1623 will always necessarily violate § 1001, because such false testimony will always constitute a 'materially false . . . statement' 'within the jurisdiction of the . . . judicial branch' of government" (quoting § 1001)).  Although a verbal statement may be used to prove a violation of § 1010, but not a violation of § 1001(a)(3), the *Blockburger* test is still not satisfied because proof of the fact of a verbal statement is not required to establish a violation of § 1010. Thus, there are no additional or distinct elements of fact that must be proven under § 1010. Accordingly, the Court concludes that Counts 2, 3, and 4 of the indictment are "such charges" as were pled in the criminal complaint, are untimely under § 3162 of the Speedy Trial Act, and must be dismissed.

    **F.**    **With or Without Prejudice**

The government argues that even if it is in violation of the Speedy Trial Act, Counts 2, 3, and 4 should be dismissed without prejudice. The Court disagrees. As an initial matter, the government sought dismissal of the criminal complaint, which pled a violation of § 1001(a)(3), *with prejudice*. Thus, arguably, the government is prohibited from indicting defendant on charges of violating § 1010 on that basis alone.

"A § 3162(a)(1) dismissal may be 'with or without prejudice' depending upon the seriousness of the offense, the circumstances leading to dismissal, the impact of reprosecution on the Seedy Trial Act and the administration of justice, as well as whether the defendant sustained any prejudice." *Gaskin*, 364 F.3d at 451 (citing *United States v. Taylor*, 487 U.S. 326, 332-34 (1988)).

With regard to the seriousness of the offense, the government acknowledges that making a false statement to HUD is a serious charge. The circumstances leading to dismissal, however, weigh heavily in favor of dismissal with prejudice. Indeed, in recognition that the Speedy Trial Act had been violated the government requested that Magistrate Judge Treece dismiss the criminal complaint with prejudice. More than 300 days passed between February 22, 2004, when the last stipulation excluding time under the Speedy Trial Act expired, and December 30, 2004, when the government requested an order dismissing the criminal complaint. In an affidavit, Assistant United States Attorney Edward Grogan states that following the criminal complaint defendant's attorney requested that the government delay indictment so that defendant could make restitution prior to resolving the criminal charges. As a result, the parties entered a series of stipulations excluding time under the Speedy Trial Act. AUSA Grogan further states that "[s]ometime around the Fall of 2003, defendant's attorney advised [him] that

[defendant] would be able to make restitution." Subsequently, defendant retained new counsel, who discussed "alternative dispositions" with the government. AUSA Grogan avers that he represented the government in two trials in January of 2004, one trial in March of 2004, one trial in November 2004, and had been fully prepared for a trial in May of 2004. AUSA Grogan further avers that the delay between the filing of the criminal complaint and the indictment "was not for the purpose of obtaining any tactical advantage", nor was it "for the purpose of delaying the proceedings to unfairly prejudice the defendant." He adds that he "ha[s] not engaged in a pattern of neglect and ha[s] not had recurrent transgressions as far as the Speedy Trial Act is concerned in other matters." Other than a busy schedule, the government has offered no reason for its failure to timely indict defendant or pursue this matter. There is no evidence that the government pursued this matter in any respect between February 2004 and December 2004. Thus, the Court finds the more than 309 day delay due solely to government neglect weighs in favor of dismissal with prejudice.

The Court further concludes that with regard to the effects of reprosecution under § 1010, the Speedy Trial Act is undermined when the government charges defendant with a violation of § 1010, a charge encompassed within § 1001(a)(3), which was already dismissed with prejudice because the government violated the Speedy Trial Act. Thus, this factor weighs in favor of dismissal with prejudice.

Finally, defendant contends that she has been suspended from her employment since the commencement of this case, and that her employment was terminated on January 27, 2005 as a result of the pending indictment. Thus, she claims she has been prejudiced by the government's delay in prosecuting this case.

13

The Court has weighed all the factors, in particular the following: the government's request to dismiss the complaint with prejudice and its subsequent indictment of defendant on charges subsumed by the charge in the complaint; the manner in which such an action undermines the Speedy Trial Act; and the government's neglect in prosecuting this case. The Court concludes that dismissal of Counts 2, 3, and 4 with prejudice is merited. Accordingly, defendant's motion to dismiss Counts 2, 3, and 4 with prejudice under the Speedy Trial Act is granted.

### V. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that defendant's motion to dismiss Count 1 is **denied**; and it is further

**ORDERED** that defendant's motion to dismiss Counts 2, 3, and 4 is **granted**; and it is further

**ORDERED** that Counts 2, 3, and 4 be **dismissed with prejudice**.

**IT IS SO ORDERED.**

Dated: June 10, 2005
Syracuse, New York

Norman A. Mordue
U.S. District Judge